FILED BY _____ D.C.

05 SEP 26 PM 4: 01

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

# IN THE UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

DELTA FOREMOST CHEMICAL CORPORATION,

    Plaintiff,

vs.                                                  Case No. 04-2838 D

STATE INDUSTRIAL PRODUCTS,

    Defendant.

## ORDER ADMINISTRATIVELY CLOSING CASE

It appears to the court that the parties have notified the court that they have resolved their dispute, however, they are completing the paperwork to memorialize the resolution. This court, therefore, will administratively close the above-captioned case pursuant to its inherent powers as it appears that no further case administration is warranted at this time.

It is expressly emphasized that an order administratively closing a case is purely an administrative device for the convenience of the court and in nowise affects the substantive and/or procedural rights of the parties in interest to proceed before this court at a later date. To administratively close a case merely means to close a case for statistical purposes in the office of the District Court Clerk and the Administrative Office of the United States Courts.

It also is expressly emphasized that an administratively closed case can be easily reopened by a simple order of the court without the necessity of a reopening filing fee should the case require

This document entered on the docket sheet in compliance with Rule 58 and/or 79(a) FRCP on _____

further administration. Upon its reopening, the case then becomes, ipso facto, a statistically active case and resumes the same status it had before the administrative closing without prejudice to the rights of any party in interest. Accordingly,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN THAT:

1. The Court Clerk is directed, consistent with the foregoing, to administratively close this case in his records without prejudice to the substantive and/or procedural rights of any party in interest to move at a later time to reopen the case for good cause, including the entry of any stipulation or order, or for any other purpose required to obtain a final determination of pending litigation.

2. In the event a party in interest files a motion at a later time seeking to reopen this administratively closed case, no reopening filing fee shall be required.

3. The Clerk is expressly directed to docket any order of dismissal immediately upon receipt.

**IT IS SO ORDERED** this 26 day of September, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 65 in case 2:04-CV-02838 was distributed by fax, mail, or direct printing on September 27, 2005 to the parties listed.

---

Kenny W. Armstrong
CHANCERY COURT, 30TH JUDICIAL DISTRICT
140 Adams Ave.
Rm. 308
Memphis, TN 38103

Edward R. Young
YOUNG & PERL
2380 One Commerce Square
Memphis, TN 38103

Thomas W. Lewis
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

Sara Margaret Falkinham
ARMSTRONG ALLEN, PLLC
80 Monroe Avenue
Ste. 700
Memphis, TN 38103--246

William P. Dougherty
YOUNG & PERL
One Commerce Square
Ste. 2380
Memphis, TN 38103

William A. Barnett
LAW OFFICES OF WILLIAM A. BARNETT
3100 Hamilton Avenue
Cleveland, OH 44114

Honorable Bernice Donald
US DISTRICT COURT